## TOM B. HILTON V. STATE

No. 28,933. April 3, 1957.

E. A. Blair, and Burks & Brown, Lubbock, for appellant.

William J. Gillespie, County Attorney, Bill J. Parsley, Assistant County Attorney, Lubbock, and Leon Douglas, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is the possession of bay rum for beverage purposes under Article 666-15(11), V.A.P.C.; the punishment, a fine of $200.00.

The first count of the information charged a sale of bay rum by the appellant to one Russell under circumstances which would lead the appellant to believe that Russell intended to use it for beverage purposes. The witness Russell testified that on August 31 the appellant had sold him a bottle of bay rum under conditions that would indicate that the appellant knew that Russell intended to drink it. To this count, the appellant interposed the defense of alibi and was by the jury acquitted.

The second count charged the appellant with unlawfully possessing bay rum, an alcoholic toilet preparation, for beverage purposes. It was upon this count that the appellant was convicted. The court in its charge was careful to protect appellant from being twice convicted for one act, but declined to require the state to elect as to which count of the information they would rely upon.

On September 13, a group of liquor control officers, one of whom had applied for a search warrant on the day preceding, armed with such warrant, made a raid on a grocery store in the city of Lubbock, found the appellant behind the counter and a large quantity of bay rum under the counter and in living quarters at the rear of the store.

There is no evidence save the above which would tend to show that the bay rum was possessed for beverage purposes.

This court is sometimes concerned about the rule which permits the state to prosecute for more than one misdemeanor offense under one information, but our concern has been whether such practice might deprive an accused of a fair trial.

The rule appears to have here resulted to the detriment of the state. In attempting to secure a conviction for a sale on August 31, and possession two weeks later, appellant has been acquitted of the sale, and the evidence as to that transaction is not available to the state to aid the otherwise insufficient evidence to support the jury's finding that the large amount of bay rum found on appellant's premises was for beverage purposes.

Finding the evidence insufficient to support the conviction the judgment is reversed and the cause remanded.